UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARNALDO MORALES ALVARADO,

   Plaintiff,

vs.                                                                                   CASE NO.

CROWN ROOFING LLC,
a Florida Limited Liability Company,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ARNALDO MORALES ALVARADO (hereinafter "Plaintiff") by and through the undersigned counsel, and files this Complaint against Defendant, CROWN ROOFING LLC, (hereinafter "CROWN") (hereinafter "Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, minimum wages, overtime wages, an additional equal amount of liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## **PARTIES**

4. At all times material hereto, Plaintiff, ARNALDO MORALES ALVARADO, is and was a resident of Lee County, Florida.

5. At all times material hereto, CROWN ROOFING LLC was and continues to be a Florida Limited Liability Company.

6. Further, at all times material hereto, CROWN ROOFING LLC was, and continues to be, engaged in business in Florida, with a principle place of business in Lee County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of FLSA.

9. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

10. Defendant was and continues to be an "employer" within the meaning of FLSA.

11. At all times material hereto, Defendant was and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

15. The additional persons who may become Plaintiffs in this action are/were "non-exempt" employees of Defendant, who held similar positions to Plaintiffs and who (a) worked in excess of forty (40) hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. Plaintiff, ARNALDO MORALES ALVARADO worked for Defendant from approximately March 2017 until April 30, 2019.

18. From approximately February 20, 2019 to April 30, 2019, Plaintiff reported to work for the Defendant 5 days per week and waited around outside each day for 5 hours waiting for Defendant to give him work.

19. At various material times hereto, Defendant failed to compensate Plaintiff for all hours that he reported to work and had to wait around unpaid.

20. As a result he has not been properly compensated for all hours worked including overtime wages.

21. From at least February 20, 2019 to April 30, 2019, Defendant failed to compensate Plaintiff for all hours that he reported to work and had to wait around unpaid.

22. Plaintiff should be compensated for those hours that he reported to work and had to wait around unpaid.

23. Defendant has violated Title 29 U.S.C. §206 and §207 from at least February 20, 2019 and continuing through April 30, 2019, in that:

    a. Plaintiff reported to work for the Defendant 5 days per week for approximately 2 months and waited around outside each day for 5 hours waiting for Defendant to give him work.

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff for hours that he waited around outside each day for 5 hours waiting for Defendant to give him work.

    c. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff for minimum wages for every hour worked; and

    d. Defendant has failed to maintain proper time records as mandated by the FLSA.

24. Plaintiff has retained the BERKE LAW FIRM, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

25. Plaintiff, ARNALDO MORALES ALVARADO realleges and incorporates paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. From at least February 20, 2019 and continuing through Aril 30, 2019, Plaintiff reported to work for the Defendant 5 days per week and waited around outside each day for 5 hours waiting for Defendant to give him work.

27. Plaintiff, ARNALDO MORALES ALVARADO was and is entitled to be paid for those hours that he reported to work for the Defendant and was not paid.

28. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

29. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for the hours that he reported to work for the Defendant, such was, and is due.

30. Defendant has failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

31. Due to intentional, willful, and unlawful acts of Defendant, Plaintiff, and others similarly situated, suffered and continue to suffer damages and lost compensation for hours that he reported to work for the Defendant and was not paid, plus liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

33. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §516.2 and §516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)

34. Plaintiff, ARNALDO MORALES ALVARADO realleges and incorporates paragraphs 1 through 24 of the Complaint as if fully set forth herein.

35. Plaintiff, ARNALDO MORALES ALVARADO had to miss work due to doctor's appointments for his workers' compensation injury.

36. Defendant did not pay Plaintiff for work missed due to his workers' compensation doctor appointments he attended.

37. Pursuant to 29 C.F.R. §795.43, time spent by an employee in waiting for or receiving medical attention on the premises or the direction of the employer during the employee's normal working hours on days when he is working constitutes hours worked.

38. The Fair Labor Standards Act (FLSA) requires that Defendant compensate Plaintiff for any and all work hours missed for attending doctor's appointments at his regular pay and recalculate if any overtime compensation due.

WHEREFORE, Plaintiff, ARNALDO MORALES ALVARADO respectfully requests that judgment be entered in his favor against Defendant:

a. Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;
b. Awarding Plaintiff compensation in the amount due to him for time that he showed up to work for the Defendant and was not paid;
c. Awarding Plaintiff compensation for work hours missed for attending doctor's appointments.
d. Awarding Plaintiff liquidated damages in an amount equal to the award;
e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);
f. Awarding Plaintiff pre-judgment interest;
g. Issue an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendants within the past three years.
h. Plaintiff demands Trial by Jury on all issues so triable.

Respectfully submitted on this 9th day of September 2019.

                                           BERKE LAW FIRM, P.A.

By: _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
billbberke@gmail.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorney for Plaintiff*